UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



STATES DISTRICT COURT
FILED
DEC 1 3 2018
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

PS

GEORGE BROWN,

        Plaintiff,

-v-

WAYNE COUNTY SHERIFF'S OFFICE,
et al.,

        Defendants.

18-CV-06573 CJS
ORDER

*Pro se* Plaintiff George Brown ("Plaintiff"), an inmate currently confined in the Attica

Correctional Facility ("Attica"), has filed this action seeking relief pursuant to 42 U.S.C. §

1983 ("§ 1983"), Docket Item 1, alleging Defendants' deliberate indifference to his medical

needs and the excessive use of force when he was a pretrial detainee in the custody of

the Wayne County Sheriff. Plaintiff has also submitted an application to proceed *in forma*

*pauperis* with a signed authorization, Docket Item 2, and Motion to appoint counsel,

Docket Item 3.

Because the Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a)

and filed the required authorization, he is granted permission to proceed *in forma*

*pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), this Court is

required to conduct an initial screening of the Complaint. For the reasons that follow, the

Court finds that some of Plaintiff's claims are sufficient to proceed to service.

## DISCUSSION

### I.    Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Nevertheless, leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213

2

(2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). But a supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

## II.    Plaintiff's Allegations

Plaintiff alleges that he was assaulted by Investigator Roger LeClair and "five or six other Wayne County Sheriff's Office employees" on October 6, 2016.  Docket Item 1 at 3.  The assault, which lasted for about one minute, occurred in an interrogation room at the Wayne County Sheriff's Office at the end of an interview conducted by Defendant LeClair. *Id.* at 2-3. "During the assault, LeClair struck the plaintiff, took the plaintiff to the floor and stood on [Plaintiff's] neck while the other Wayne County Sheriffs employees assaulted" him. *Id.* at 3.  Plaintiff was then held in custody on burglary charges for two weeks and denied medical care for the injuries that he suffered during the assault. *Id.* at 3-4.  Upon being released on bail, Plaintiff was treated at an urgent care facility and diagnosed with a torn rotator cuff in his right shoulder. *Id.* at 4.  He also suffered a split lip, black eye, and various bruises. *Id.*

## III.    Analysis

### A.    Due Process Claims

In light of Plaintiff's status as a pretrial detainee at the time of the alleged incident, the Court reviews his claim under the Fourteenth Amendment due process standard

4

rather than under the Eighth Amendment standard applicable to a sentenced prisoner. *See Darnell v Pineiro*, 849 F3d 17, 33 (2d Cir. 2017) (discussing the impact of *Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466 (2015) on Eighth Amendment claims). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S. Ct. at 2473 (2015). Factors bearing on the "on the reasonableness or unreasonableness of the force used" include the following:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) (a court must consider the "facts and circumstances of each particular case.")); *see also Hudson v. McMillian*, 503 U.S. 1, 4 (1992) (finding that the absence of serious injury may be relevant but does not alone defeat an excessive force claim).

The allegations here, considered in the light most favorable to Plaintiff, sufficiently state a due process violation against the named Defendants for their use of force. Plaintiff's claims for inadequate medical care, however, are dismissed with leave to amend.

"[T]he Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care by the state." *Moran v. Livingston*, 155 F. Supp. 3d 278, 287 (W.D.N.Y. 2016). Such a claim requires a plaintiff to allege facts to show that the defendant was deliberately indifferent to his or her serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992). The Court

must first consider whether the pleadings establish that Plaintiff's medical needs are objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.' " *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)); *see also Lawrence v. Evans*, 136 F. Supp. 3d 486, 489 (W.D.N.Y. 2015) ("An objectively 'serious medical need' is one which presents "a condition of urgency" that may result in "death, degeneration, or extreme pain.") (quoting *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994), *cert. denied,* 513 U.S. 1154 (1995)), *aff'd,* 669 F. App'x 27 (2d Cir. 2016) (summary order).

Second, the Court must consider whether the pleadings allege the deliberate indifference of the Defendants named in the Complaint. To sustain such a claim under the Fourteenth Amendment, a pretrial detainee must allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Here, Plaintiff alleges the complete denial of treatment for his shoulder injury for two weeks when he was in the custody of the Wayne County Sheriff's Office. Even assuming that Plaintiff's rotator cuff tear was objectively serious and required treatment within that two-week period, the pleadings are overly vague and conclusory as to the issue of Defendants' deliberate indifference. It is unclear which of the named Defendants,

6

if any, were actually aware of Plaintiff's serious condition and denied him medical care. As such, the pleadings must be amended.

## B. Municipal Liability

The Court finds that Plaintiff's claims against the Wayne County Sheriff's Office, as well as any official capacity claims against the remaining Defendants, are also subject to dismissal.

First, the Wayne County Sheriff's Office "is merely an administrative arm of the County [of Wayne, and] it lacks the capacity to be sued in this action." *S.W. by J.W. v. Warren*, 528 F. Supp. 2d 282, 303 (S.D.N.Y. 2007). Therefore, the Court will liberally construe this claim as one against Wayne County. The Sheriff's Office is dismissed from the action, and Wayne County, the real party in interest, shall be substituted as a Defendant. Second, although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, Wayne County, as well as Sheriff Virts and the Sheriff's deputies in their official capacities, may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a *respondeat superior* theory. *See id.*; *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992). To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish

7

the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy").

At this early stage, Plaintiff's allegations do not establish a claim of municipal liability against Wayne County or the remaining Defendants in their official capacities. Moreover, Sheriff Virts is a supervisory Defendant against whom there are no allegations of personal involvement. Consequently, these claims must be dismissed. In light of Plaintiff's *pro se* status, he is granted leave to file an amended complaint. Should Plaintiff decide to file an amended complaint, he is also directed to include as much information about the John Doe Defendants as possible, including physical descriptions with approximates ages and any other identifying information.

### C. John Doe Defendants

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Attorney General of the State of New York ascertain, if possible at this time, the full names and addresses of the John Doe Defendants. The Attorney General need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve these Defendants as instructed by the Second Circuit in *Valentin*.

The Attorney General is hereby requested to produce the information specified above regarding the identity of these Defendants within **35 days.** Once this information is provided to the Court, the Amended Complaint shall be deemed amended to reflect the full name of John Does #1-10.

**D.    Motion to Appoint Counsel**

Finally, in considering Plaintiff's request for the appointment of counsel, the Court must first determine whether his position seems likely to be of substance. If any claim meets this threshold requirement, the Court shall then consider a number of other factors in making its determination. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This action was only recently commenced. Therefore, Defendants have not yet responded to Plaintiff's allegations. The only facts upon which this Court may base its decision are those portions of the Complaint where Plaintiff states the facts surrounding his claim. Thus, the Court lacks sufficient information at this stage to consider the factors set forth in *Hodge*. Plaintiff's Motion for appointment of counsel is therefore denied without prejudice as premature. Docket Item 3.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to proceed *in forma pauperis* is granted. Docket Item 2. The Wayne County Sheriff's Office is terminated from this action and substituted with Wayne County as a Defendant.[1] Plaintiff's inadequate medical care and official capacity claims and his claims against Wayne County and Sheriff Virts are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless he files an amended complaint within **45 days of entry of this Order** in which he includes the necessary allegations, only as indicated above, in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

---

[1] The Clerk of Court is directed to amend the Caption accordingly.

Plaintiff is advised that an amended complaint would completely replace his prior Complaint in this action and "render[] it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). Therefore, an amended complaint must include all allegations against each of the named Defendants so that the amended complaint may stand alone as the sole complaint to be answered.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's Motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's Motion for appointment of counsel is denied without prejudice;

FURTHER, the Wayne County Sheriff's Office is terminated from this action and substituted with Wayne County as a Defendant;

FURTHER, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Office of the Attorney General of the State of New York is requested to provide the full names of the John Doe Defendants and their addresses for service;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff does not file an amended complaint in the manner permitted above, the Clerk of Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Defendants LeClair and

John Does #1-10, once identified, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, the Clerk of Court is directed to forward a copy of this Order to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office at Ted.O'Brien@ag.ny.gov; and

FURTHER, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants are directed to respond to the Complaint upon service.

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge

DATED: **DEC. 14**_____, 2018
Rochester, NY